IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MONICA LASHON CHAMBERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:14cv667-SRW |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM OPINION</u>**

Plaintiff Monica LaShon Chambers commenced this action on July 10, 2014, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying her claim for a period of disability, disability insurance, and supplementary security income benefits. On October 22, 2013, the Administrative Law Judge ("ALJ") issued an adverse decision.[1] The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. This case is ripe for review pursuant to 42 U.S.C. §§405(g), 1383(c)(3). The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed and this cause remanded for further proceedings.

---

[1] Plaintiff was represented by counsel at the hearing before the ALJ.

1

**STANDARD OF REVIEW**

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Richardson v. Perales, 402 U.S. 389, 390 (1971); Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. It is "more than a scintilla, but less than a preponderance." Id.  A reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).  In other words, this court is prohibited from reviewing the Commissioner's findings of fact de novo, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions de novo because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. Cornelius v. Sullivan, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)   whether the claimant is currently employed;

(2)   whether the claimant has a severe impairment;

(3)   whether the claimant's impairment meets or equals an impairment listed by the Commissioner;

(4)   whether the claimant can perform his or her past work; and

(5)   whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), overruled on other grounds by Johnson v. Apfel, 189 F.3d 561, 562-63 (7th Cir. 1999); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).  The sequential analysis goes as follows:

3

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

Pope, 998 F.2d at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. Id.

## DISCUSSION

Plaintiff alleges a disability onset date of June 5, 2012. Plaintiff was 42 years old when the ALJ issued his adverse decision. The ALJ determined that plaintiff has not worked since being terminated from her job as a certified nursing assistant in May 2012. Plaintiff claimed that she is unable to work due to breast cancer, heart issues, and a thyroid condition. The ALJ found that plaintiff has the following severe impairments: breast cancer bilateral with attendant surgeries, chemotherapy, radiation therapy, and plastic surgeries; obesity; depression, and anxiety disorder NOS. The ALJ concluded that the plaintiff does not have an impairment or combination of impairments that meets a listed impairment.

The ALJ developed a residual functional capacity ("RFC") that reflects the conclusion that plaintiff can perform sedentary work with certain limitations. In that RFC, the ALJ determined that plaintiff could not return to her past work as a nursing assistant; however, a vocational expert identified jobs with significant numbers in the local and national economy that plaintiff could perform. The ALJ then determined that plaintiff is not disabled.

Plaintiff argues that the ALJ erred by finding that she does not meet a listed impairment. She contends that her severe impairment of breast cancer satisfies 20 C.F.R. § 404, subpart P, app.1, § 13.10, and that the ALJ committed reversible error by failing to consider whether plaintiff meets that listing. As discussed below, the court finds that plaintiff's argument has merit.  Because the ALJ's error necessitates the reversal of the Commissioner's final decision and remand for further proceedings, the court does not examine plaintiff's additional arguments in support of the present appeal.[2]  See Zellars v. Colvin, No. CV 113–146, 2014 WL 4775943, at *8 n.5 (M.D. Fla. Sep. 24, 2014) (because the court recommended remand and reconsideration of whether a plaintiff meets a listing requirement, "it need not address [p]laintiff's additional arguments" in favor of reversal of the Commissioner's decision) (citing Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985) (*per curiam*)).

An ALJ is obligated to provide a written decision "contain[ing] a statement of the case … setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based." 42 U.S.C. § 405(b)(1). There are elements that the written decision must contain to be sufficient as a matter of law.  "What is required is that the ALJ state specifically the weight accorded to each item

---

[2]  Plaintiff argues that (1) the ALJ failed to develop the medical evidence completely as to plaintiff's diagnosis and treatment of breast cancer; (2) the ALJ should have found hidradenitis to be a severe impairment; (3) upon finding hidradenitis to be a severe impairment, the ALJ was obligated to consider whether plaintiff meets Listing § 8.06; (4) the RFC is erroneous because it does not include a crouching restriction; and (5) remand is appropriate so the ALJ can consider "new" evidence in the form of a pathology report dated July 26, 2012, showing a final diagnosis of residular lobular carcinoma in situ on plaintiff's right breast.

of evidence and why he reached that decision. In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). The Eleventh Circuit has held that it is an error of law for an ALJ to fail to consider whether a claimant meets a listing requirement in making a disability determination. See Todd v. Heckler, 736 F.2d 641, 642 (11th Cir. 1984). "[I]f a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience[,]" and "further inquiry pursuant to the analysis ceases." Hutchison v. Bowen, 787 F.2d 1461, 1463 (11th Cir. 1986) (citing 20 C.F.R. § 404.1520(d)).

Here, the ALJ's written decision is silent concerning Listing § 13.10, despite the ALJ's finding that plaintiff has the severe impairment of breast cancer. (Doc. # 18-2 at pp. 12, 14-16). That finding of a severe impairment mandates that the ALJ proceed to the next step in the sequential process to determine whether plaintiff's breast cancer satisfies a listing. See 20 C.F.R. § 404.1520(a)(4)(i-v). There was evidence in the Commissioner's record at the time of the hearing that merited consideration and findings by the ALJ as to whether Listing § 13.10 was satisfied.

The Commissioner, however, asserts that the ALJ was under no obligation to discuss Listing § 13.10. Early in the plaintiff's hearing, the ALJ posed the following question to plaintiff's counsel: "Well, counsel, I've reviewed the applicable listing. Is it your position that the listing is met? I do not believe I saw the facts necessary for the listing to be met, but do you have a different position on it?" (Doc. # 18-2 at p. 39). Plaintiff's

counsel responded, "I do not believe we made the listing." (Id.). The Commissioner argues that plaintiff's counsel's response is unequivocal and waives the ALJ's obligation under the Social Security regulations and Eleventh Circuit precedent to consider whether plaintiff's severe impairments meet a listing. However, the Commissioner does not provide any case law or statutory authority in support of this argument. Further, the court does not find plaintiff's counsel's personal expression of doubt concerning whether plaintiff met the listing to be sufficient to relieve the ALJ of his responsibility to address the question. The ALJ's obligation to proceed through the five-step sequence is mandatory. See Todd, 736 F.2d at 642; 20 C.F.R. § 404.1520(a)(4)(i-v). The court need not decide if, whether, and under what circumstances a waiver might occur. In the present case, the ALJ's obligation to proceed through each step of the sequential analysis was not waived.

The Commissioner also argues that the ALJ implicitly addressed Listing § 13.10 in the written decision. See Davenport v. Astrue, 403 Fed. App'x 352, 354 (11th Cir. 2010) ("the ALJ's findings as to whether a claimant meets a listing may be implied from the record") (citing Hutchison v. Bowen, 787 F.2d 1461, 1463 (11th Cir. 1986)). Assuming, without deciding, that an ALJ can implicitly determine whether a plaintiff meets a listing, there is not sufficient information in the ALJ's written decision to suggest any implication regarding § 13.10. With the exception of the ALJ's statement at the hearing about considering all listings, the parties have not identified, and the court could not locate, anything in the record from which a finding about Listing § 13.10 can be inferred.

Because the ALJ's decision is silent regarding Listing § 13.10, the record is insufficient for the court to assess whether the ALJ considered § 13.10, or, if he considered

the listing and made an adverse finding, whether his conclusion is based on substantial evidence and is consistent with controlling law. The ALJ committed a reversible error by failing to consider § 13.10.

## CONCLUSION

Accordingly, and for the reasons discussed above, the decision of the Commissioner will be REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) by separate judgment so that the Commissioner can conduct additional proceedings consistent with this opinion. In particular, the Commissioner shall consider whether the plaintiff's severe impairment of breast cancer meets the Listing § 13.10.

DONE, this the 30th day of March, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge